**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**CASE NO.: 8:26-cv-3397**

OBNIEL EXPOSITO,

Plaintiff,
v.

WOW SPORTS, LLC

Defendant.
______________________________________/

**COMPLAINT**

Plaintiff, OBNIEL EXPOSITO ("EXPOSITO"), by and through his undersigned attorneys, sues Defendant, WOW SPORTS, LLC ("WOW" or "Defendant"), and alleges as follows:

**NATURE OF CLAIMS, JURISDICTION, AND VENUE**

1. This is an action for damages, brought by Plaintiff for discrimination and retaliation in violation of the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C §§12101 e*t seq* .

2. This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331.

3. Venue properly lies in this judicial district pursuant to 28 U.S.C. §1391, in that the Defendant conducts business in this judicial district, Plaintiff was remotely employed by Defendant in this judicial district, and the unlawful conduct giving rise to the retaliation claim and discrimination claim took place within this judicial district.

**PARTIES AND COMPLIANCE WITH PROCEDURAL REQUIREMENTS**

4. EXPOSITO is a 47-year-old man, *sui juris,* and, at all times material to this action, was a resident of Polk County, Florida.

5. Defendant, WOW, is a for-profit company that conducts business in the Middle District of Florida and employed Plaintiff in Polk County, Florida, within the jurisdiction of the Court.

6. At all times material hereto, WOW acted through its agents, servants, representatives, and/or employees.

7. EXPOSITO was an employee of WOW as that term is defined under the ADA.

8. WOW was Plaintiff's employer as that term is defined under the ADA.

## CONDITIONS PRECEDENT

9. On or about August 18, 2025, EXPOSITO timely filed a Charge of Discrimination with the U.S. Equal Employment Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"), a copy of which is attached hereto as **Exhibit "A,"** alleging that WOW subjected him to disability discrimination and retaliation in violation of the ADA.

10. On August 12,2026, the EEOC issued to Plaintiff a Notice of Right to Sue, a copy of which is attached hereto as **Exhibit "B."** Plaintiff has filed this suit within ninety (90) days of receiving a Right to Sue Letter from the EEOC and 180 days have passed since the filing of the Charge of Discrimination.

11. Accordingly, the Plaintiff has fulfilled all conditions precedent and administrative prerequisites of the applicable law prior to filing this Complaint.

## FACTUAL ALLEGATIONS

12. EXPOSITO began his employment with WOW as a Creative Specialist and Graphic Production Arist on July 1, 2023.

13. During his almost three-year tenure at WOW, EXPOSITO successfully handled high-volume production for notable brands such as the National Football League ("NFL"), JAWS, Squishmallows, and Kohl's.

14. In fact, EXPOSITO's manager, Jeff Baack expressly acknowledged in an email dated June 18, 2025, that EXPOSITO "created Trello workflows and proofing checklists," "handled high-volume packaging projects at scale," and trained others "effectively." Mr. Baack also went on to credit EXPOSITO by acknowledging that EXPOSITO "helped get us here on some foundational processes."

15. For approximately three years, EXPOSITO was an exemplary employee with no history of negative performance issues, attendance, or discipline.

16. EXPOSITO did not receive any disciplinary actions, write-ups, or performance plans during his employment.

17. During EXPOSITO's time at WOW, he informed the company that his disabled son required surgery for his condition – Idiopathic Scoliosis.

18. WOW's insurance provider denied coverage of EXPOSITO's son's surgery.

19. At this point EXPOSITO sought to obtain additional information from Human Resources, Shai Hamsa, who reprimanded EXPOSITO for voicing his concerns about the insurance denial.

20. That same day, WOW Co-Owner Heidi Ong warned EXPOSITO not to engage in any further communications with WOW's insurance carrier, as it could "damage the relationship between [WOW] and Blue Cross Blue Shield."

21. Despite the carrier's denial, EXPOSITO's disabled son underwent the imperative surgical procedure.

22. Unfortunately, on March 24, 2025, Dr. Steven Hwang informed EXPOSITO that his son's first surgery was unsuccessful and that an additional surgery would be necessary.

23. EXPOSITO scheduled his son's second surgery for July 7, 2025.

24. Throughout April and May of 2025, EXPOSITO re-applied for insurance coverage through WOW's plan, again notifying the company about the severity of his son's condition and upcoming procedure.

25. At this same time, WOW suddenly began to criticize EXPOSITO's performance.

26. This was the first time in nearly three years that WOW made any reference to EXPOSITO's alleged poor performance.

27. As a result of the targeted critique from WOW, EXPOSITO escalated his concerns to management; specifically that he felt he was being mistreated because of his son's disability and need for an additional surgery.

28. Just one month later, on June 26, 2025, EXPOSITO was unexpectedly terminated under the guise of "poor performance." At this same termination meeting, EXPOSITO inquired about how WOW would be able to terminate him given his complete lack of prior discipline, but there was no response from either Mr. Baack or Human Resources Representative, Carol Dubois.

29. Just four (4) days later, on June 30, 2025, EXPOSITO received a formal denial of coverage letter from WOW's insurance company due to the termination of employment. As a consequence of the carrier denial, EXPOSITO was forced to cancel his son's upcoming surgery due to lack of medical coverage.

30. EXPOSITO's abrupt and inexplicable termination less than ten (10) days before EXPOSITO's son's crucial surgery clearly demonstrates WOW's discriminatory and retaliatory disposition.

31. In the same pretextual vein, WOW's statements made in conjunction with EXPOSITO's solid track record are inconsistent with WOW's actions surrounding his termination.

32. Instead, the timing and circumstances of EXPOSITO's termination – within a few days of his son's scheduled surgery and after he was warned about contacting WOW's insurance carrier – strongly suggests that, but for EXPOSITO's son's disability and complaints about being treated unfairly, EXPOSITO's employment would not have been terminated.

33. WOW's actions demonstrate a clear pattern of unlawful discrimination, retaliation, and violate EXPOSITO's rights under the ADA.

34. As a direct and proximate result of WOW's discriminatory actions, EXPOSITO has suffered and continues to suffer damages, including but not limited to lost wages and benefits, emotional distress, and other compensatory damages.

35. Plaintiff has satisfied all conditions precedent to bringing this action or these conditions have been waived or otherwise excused.

36. The Plaintiff has retained the undersigned attorneys to represent him in this action and is obligated to pay them a reasonable fee for their services.

**COUNT I**
**VIOLATION OF THE ADA (DISABILITY DISCRIMINATION)**

37. Plaintiff reasserts the general allegations as set forth above in paragraphs 1-36 and incorporates the same herein by this reference.

38. EXPOSITO asserts that he was subjected to an adverse employment action when WOW discriminated against him by terminating him.

39. EXPOSITO asserts that he was definitively qualified for his position at the time of his termination.

40. EXPOSITO asserts that WOW knew and had known that EXPOSITO's son suffered from a disability – one that required surgery – when he notified WOW of his son's condition in 2023, and in April and May 2025.

41. EXPOSITO asserts that his son's disability qualifies as such because it a) substantially limits one or more of his major life activities; or b) EXPOSITO's son has a medical record of such physical or mental impairment; or c) EXPOSITO's son is a person who is regarded as having such an impairment.

42. EXPOSTO asserts now that the adverse employment action, termination, occurred under circumstances that raise a reasonable inference that EXPOSITO's son's disability was a determining factor in WOW's decision.

43. WOW violated the ADA by discriminating against EXPOSITO because of his son's disability by unfairly criticizing EXPOSITO's work performance, fabricating justifiable reasons for termination despite an unblemished work history, preventing EXPOSITO from seeking additional information explaining insurance coverage denial for his son, and ultimately retaliating against him for doing so by terminating his employment.

44. As a result of WOW's violations of the ADA, EXPOSITO has been damaged.

WHEREFORE, Plaintiff, OBNIEL EXPOSITO, prays that this Court will Order Defendant, WOW SPORTS, LLC to remedy the disability discrimination of Plaintiff by paying appropriate back pay, paying prejudgment and post-judgment interest; paying front pay in lieu of reinstatement, paying for lost benefits including medical insurance, pension and retirement plans, providing any other relief that is appropriate, ordering Defendant to pay compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

**COUNT II**
**VIOLATION OF THE ADA (RETALIATION)**

45. Plaintiff reasserts the general allegations as set forth above in paragraphs 1-36 and incorporates the same herein by this reference.

46. EXPOSITO engaged in protected activity when he complained to management about being mistreated by company personnel for his son's disability and need for surgery.

47. Specifically, EXPOSITO encountered repeated IT remote access issues that made it difficult for him to complete tasks.

48. WOW also began criticizing EXPOSITO's performance for the first time in nearly three years.

49. EXPOSITO shared his concerns of discrimination, and one month later on June 26, 2025, was abruptly terminated for alleged poor performance.

50. EXPOSITO would not have been terminated but for complaining about discrimination.

51. There is a causal connection between EXPOSITO's protected activity and his termination.

52. As a result of WOW's violations of the ADA, EXPOSITO has been damaged.

WHEREFORE, Plaintiff, OBNIEL EXPOSITO, prays that this Court will Order Defendant, WOW SPORTS, LLC to remedy the retaliation of Plaintiff by paying appropriate back pay, paying prejudgment and post-judgment interest; paying front pay in lieu of reinstatement, paying for lost benefits including medical insurance, pension and retirement plans, providing any other relief that is appropriate, ordering Defendant to pay compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

**DEMAND FOR JURY TRIAL**

Plaintiff, OBNIEL EXPOSITO, demands trial by jury for all issues so triable by right of jury under state or federal law.

Respectfully submitted,

**GALLUP AUERBACH**
*Counsel for Plaintiff*
4000 Hollywood Boulevard
Presidential Circle-Suite 265 South
Hollywood, Florida 33021
tel: (954) 894-3035 fax: (754) 200-2836
E-mail:jauerbach@gallup-law.com

By: */s/ Jacob K. Auerbach*__________
JACOB K. AUERBACH
Florida Bar No.: 084003